IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM DALE CARTER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-12-1299 |
| | § | |
| RISSIE OWENS, TEXAS BOARD OF PARDONS AND PAROLES, | § | |
| | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND RECOMMENDATION GRANTING RESPONDENT'S MOTION TO DISMISS**

Pending is Respondent's Motion to Dismiss (Document No. 26), in which Respondent argues that this § 2254 proceeding should be dismissed for failure to exhaust state law remedies. Having considered Respondent's motion, Petitioner's Response (Document Nos. 31), the claims alleged by Petitioner in this proceeding, the state court records, and the applicable law, the Magistrate Judge RECOMMENDS, For the reasons set forth below, that Respondent's Motion to Dismiss be GRANTED, and this § 2254 proceeding be DISMISSED WITHOUT PREJUDICE for failure to exhaust state court remedies.

## I. Procedural History

At the time this § 2254 proceeding was filed, William Dale Carter ("Carter") was on parole from a 2002 felony conviction for home invasion in Illinois. Carter was convicted of the home invasion offense in Adams County, Illinois on December 6, 2002, and was sentenced to twenty years incarceration. He was incarcerated until December 2011, when he was paroled. His parole was later transferred from Illinois to Texas pursuant to the Interstate Compact Parole Transfer Agreement,

where he was placed under the supervision of the Texas parole office located in Conroe, Texas. It appears that subsequent to the filing of this case, Carter's parole has been revoked and he has been re-incarcerated in Illinois.[1]

Carter is not challenging his underlying conviction in this case. Instead, in both this § 2254 proceeding, and in a § 2254 proceeding pending in the United States District Court for the Central District of Illinois, Civil Action No. 3:11cv3173, Carter is challenging the conditions that have been placed on his parole, including, sex offender restrictions. He has not challenged those parole conditions with a Texas state application for writ of habeas corpus. Respondent moves for dismissal of this § 2254 proceeding for failure to exhaust state law remedies.

## II. Discussion

28 U.S.C. § 2254(b)(1) provides with respect to exhaustion of state law remedies:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

Under § 2254(b), a petitioner must exhaust all his state law remedies prior to seeking federal habeas corpus relief. *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995) ("the petitioner must exhaust all

---

[1] In his latest filing, a "Petition for Injunction" (Document No. 35), Carter states that his current address is at a prison in Pinckneyville, Illinois. In addition, in the case pending in the United States District Court for the Central District of Illinois, Carter's current address is listed as the Pinckneyville Correctional Center.

available remedies before he may obtain federal habeas relief."). In cases in which a petitioner raises claims about the conditions imposed on his parole, that means that he must first present his claims to the Texas Court of Criminal Appeals through a state application for writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, et seq.; *Ex parte Campbell*, 267 S.W.3d 916 (Tex. Crim. App. 2008) (addressing on the merits, in a state habeas proceeding, a parolee's challenges to the sex offender restrictions placed on his parole); *Montero v. Thaler*, 20112 WL 568735 (S.D. Tex. 2012) (dismissing without prejudice petitioner's claims related to his placement in the ISF program as a condition of his parole where petitioner did not raise the claims with the Texas Court of Criminal Appeals in a state application for writ of habeas corpus).

Here, the evidence in the record is that Carter has not filed a Texas state application for writ of habeas corpus. While Carter argues that he has pursued his remedies in the Illinois courts, and has sent letters to the Texas Board of Pardons and Paroles complaining about the conditions of his parole, he has not filed anything with the Texas courts challenging those conditions. As Carter's efforts in Illinois do not suffice as affording the Texas Court of Criminal Appeals an opportunity to rule on the merits of his claims, *see generally Preiser v. Rodriguez*, 411 U.S. 475, 492-93 (1973), the claims he raises in this § 2254 proceeding are unexhausted. Moreover, as there has been no showing that any exception to the exhaustion requirement applies, *Mercadel v. Cain*, 179 F.3d 271, 277 (5th Cir. 1999) (noting futility and/or lack of an available remedy in state court as recognized exceptions to the exhaustion doctrine), or that abatement, as opposed to dismissal, is warranted, *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005), this § 2254 proceeding should be dismissed without prejudice for failure to exhaust state law remedies.

## IV. Conclusion and Recommendation

Based on the foregoing and the conclusion that Petitioner has not exhausted his state law remedies, the Magistrate Judge

RECOMMENDS that Respondent's Motion to Dismiss (Document No. 26) be GRANTED and this § 2254 proceeding be DISMISSED WITHOUT PREJUDICE for failure to exhaust state law remedies.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 24th day of October, 2012.

Frances H. Stacy
United States Magistrate Judge